# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLAN EARL LUCAS, JR., )<br><br>Plaintiff, )<br><br>v. )<br><br>DISTRICT OF COLUMBIA, )<br><br>Defendant. ) | Civil Action No. 13-00143 (TFH) |

## MEMORANDUM OPINION

Pending before the Court is plaintiff Allan Earl Lucas, Jr.'s Motion to Reconsider and/or Motion for Leave to Amend [ECF No. 41], requesting reconsideration of this Court's September 30, 2015 Order dismissing without prejudice his First Amended Complaint against the District of Columbia (the "District") for failure to exhaust administrative remedies pursuant to the Comprehensive Merit Personnel Act ("CMPA"), *see Lucas v. District of Columbia*, 133 F. Supp. 3d 176, 178 (D.D.C. 2015), and alternatively requesting leave to file a second amended complaint. The District has filed an opposition [ECF No. 43] and plaintiff a reply [ECF No. 44]. For the reasons that follow, the Court will deny the motion to reconsider with prejudice, and the motion for leave to amend without prejudice.

## I. BACKGROUND

Plaintiff commenced this lawsuit to recover money damages for lost earnings and retirement benefits stemming from the District of Columbia Metropolitan Police Department's ("MPD") alleged failure to treat his induction into the United States Marine Corps as a military furlough and to reemploy him upon his discharge from military service. He filed his initial

Complaint [ECF No. 1] against the District and other defendants on February 4, 2013.  Although defendants filed, and the Court granted in part, a motion to dismiss the original Complaint, the Court granted plaintiff leave to file an amended complaint by December 17, 2013.

On December 17, 2013, plaintiff filed his First Amended Complaint [ECF No. 34] against the District.  In it plaintiff alleges that he was employed by the MPD for approximately seven months from 1972 to 1973 before he resigned to serve in the United States Marine Corps during the Vietnam War.  Pl.'s First Am. Compl. ¶¶ 4, 6.  He did not receive any exit counseling or other information about his employment rights, and was not informed of the effect his resignation might have on future reemployment.  *Id.* ¶ 7.  Plaintiff served in the Marine Corps until he was honorably discharged with a disability in 1978.  *Id.* ¶ 9.  Upon his discharge from the military, plaintiff sought reemployment with the MPD, but was not offered restoration to his former position.  *Id.* ¶ 11.  Plaintiff rejoined the MPD in 1982, and remained employed there until 1993, when he obtained employment as a District of Columbia Corrections Officer.  *Id.* ¶¶ 13-14.  Plaintiff retired from that position in 2005.  *Id.* ¶ 16.

When plaintiff rejoined the MPD in 1982, he alleges, he was improperly placed in the District's retirement system, when he was entitled to placement in the Federal Civil Service Law Enforcement retirement system.  Pl.'s First Am. Compl. ¶ 13.  Plaintiff was reinstated to the federal retirement system in April 1994, although he does not elaborate on the reasons for his reinstatement.  *Id.* ¶ 15.  According to plaintiff, the MPD's actions or omissions relating to his resignation to serve in the Marine Corps resulted in a reduction in his federal retirement benefits.  *Id.* ¶ 26.  Plaintiff sought to rectify these alleged mistakes by taking numerous actions to contact various District of Columbia agencies—plaintiff alleges he contacted the Office of Personnel Management and the District of Columbia Retirement Board 52 times between 2007 and 2010.

*Id.* ¶¶ 25, 27-28.  Plaintiff contends that the District "acknowledg[ed]" his "grievance," but that,

in October 2012, it "refused to give plaintiff his proper benefits." *Id.* ¶¶ 27, 29.

On January 6, 2014, the District filed a Renewed Motion to Dismiss or, in the

Alternative, Motion for Summary Judgment [ECF No. 36].  In a September 30, 2015

Memorandum Opinion, the Court noted, among other things, that notwithstanding plaintiff's

prolonged efforts pursuing various agencies, a showing of "numerous informal steps [taken] to

resolve a dispute [without a showing that] a formal grievance [had been filed] or . . . that the

agency would be unwilling or unable to consider a formal grievance did not merit a waiver of

prudential exhaustion[,]" that there was "nothing to show that [plaintiff] was prevented from

filing a formal grievance at any time[,]" and that "delay alone will not suffice to trigger the

futility exception [to the prudential exhaustion requirement]." *Lucas*, 133 F. Supp. 3d at 185

(internal quotation marks omitted) (citing *Bufford v. District of Columbia Public Schools*, 611

A.2d 519, 524 (D.C. 1992) and *Dano Res. Recovery Inc. v. District of Columbia*, 566 A.2d 483,

487 (D.C. 1989)).  The Court, therefore, concluded that "[e]ven accepting as true all the

allegations contained in the plaintiff's First Amended Complaint, as the Court must do, it is clear

on the face of the document that the plaintiff never filed a formal grievance or otherwise invoked

the required and exclusive CMPA procedures to pursue his claims." *Id.*  Accordingly, the Court

dismissed plaintiff's First Amended Complaint without prejudice pursuant to Federal Rule of

Civil Procedure 12(b)(6) "for failure to state claims for relief because administrative exhaustion,

which is a necessary precondition to judicial review of those claims, ha[d] not been satisfied."

*Id.* at 186.[1]

---

[1] *See* Order 1, ECF No. 40 (stating that it is "ORDERED that the plaintiff's First Amended Complaint is DISMISSED WITHOUT PREJUDICE for failure to state claims for relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure").

On November 17, 2015, plaintiff filed his now pending Motion to Reconsider and/or Motion for Leave to Amend pursuant to Federal Rules of Civil Procedure 60(b)(1) and 60(b)(6), and 15(a)(2), respectively.  Plaintiff did not attach to his motion for leave to amend an original of his proposed amended complaint.  *See* LCvR 15.1 ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended.").  However, eight days later, on November 25, 2015, he filed a separate Complaint in *Lucas v. District of Columbia*, Civil Action No. 15-02059 (TFH), raising the same legal theories as he does in this action, but alleging additional and more detailed facts which, according to plaintiff, demonstrate that he has exhausted his administrative remedies under the CMPA.  *Compare* First Amended Complaint, Civil Action No. 13-00143 (TFH), ECF No. 34 *with* Complaint, Civil Action No. 15-02059 (TFH), ECF No. 1.  In a Memorandum Opinion and Order issued in *Lucas v. District of Columbia*, Civil Action No. 15-02059 (TFH), simultaneously with this decision, the Court dismissed the complaint in the later action as duplicative of this action.

## II. DISCUSSION

A. <u>Motion for Reconsideration</u>

Plaintiff's filings in this case and in *Lucas v. District of Columbia*, Civil Action No. 15-02059 (TFH), reflect his confusion regarding the procedural posture of this case.  As the United States Court of Appeals for the District of Columbia Circuit explained in *Ciralsky v. C.I.A.*, 355 F.3d 661, 666 (D.C. Cir. 2004), "the dismissal without prejudice of a *complaint* [i]s not final . . . because the plaintiff is free to amend his pleading and continue the litigation[,] . . . [whereas] dismissal without prejudice of an *action* (or 'case'), by contrast, . . . end[s] th[e] suit [and] . . . is final . . . ."  *See also Murray v. Gilmore*, 406 F.3d 708, 712 (D.C. Cir. 2005) ("Under *Ciralsky* . . . ,

4

dismissal of an action without prejudice is a final disposition but dismissal of a complaint without prejudice typically isn't.").  In short, the Court's order dismissing without prejudice plaintiff's First Amended Complaint was a non-final order.  *Ciralsky*, 355 F.3d at 666.

Therefore, inasmuch as plaintiff seeks reconsideration of a non-final order, Federal Rule of Civil Procedure 54(b) governs, not Rule 60(b).  *See Ali v. Carnegie Inst. of Washington*, 309 F.R.D. 77, 80 (D.D.C. 2015) ("The Federal Rules of Civil Procedure provide three avenues for seeking reconsideration of judicial decisions. . . . Rule 54 governs reconsideration of interlocutory orders, [whereas] Rules 59(e) and 60(b) dictate when a party may obtain reconsideration of a final judgment."); *Murphy v. Exec. Office for United States Attorneys*, 11 F. Supp. 3d 7, 8 (D.D.C. 2014) ("Rule 54(b) governs reconsideration of interlocutory or non-final orders[.]"), *aff'd sub nom. Murphy v. Exec. Office for U.S. Attorneys*, 789 F.3d 204 (D.C. Cir. 2015); *Cobell v. Norton*, 224 F.R.D. 266, 271 (D.D.C. 2004) ("Rule 54(b) governs reconsideration of orders that do not constitute final judgments in a case.").  Accordingly, the Court will analyze plaintiff's motion for reconsideration as if it was brought under Rule 54(b).  *See Cobell*, 224 F.R.D. at 271 (noting "significant confusion [among the parties] with respect to the proper legal standard governing the [pending] motion for reconsideration" and concluding that because the order at issue was non-final, "Federal Rule of Civil Procedure 54(b), rather than Rule 60(b), must provide the relevant standard").

Rule 54(b) provides, in relevant part, that

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).  A motion for relief under Rule 54(b) is considered under the "as justice requires" standard.  *Murphy*, 11 F. Supp. 3d at 8.   Such relief may be warranted when "the movant demonstrates: . . . an intervening change in the law; . . . the discovery of new evidence not previously available; or . . . a clear error in the first order[,]" *id.*, or when the Court has "patently misunderstood the parties, made a decision beyond the adversarial issues presented, [or] made an error in failing to consider controlling decisions or data," *Ali*, 309 F.R.D. at 80. "These considerations leave a great deal of room for the court's discretion and, accordingly, the 'as justice requires' standard amounts to determining 'whether [relief upon] reconsideration is necessary under the relevant circumstances.'" *Lewis v. District of Columbia*, 736 F. Supp. 2d 98, 102 (D.D.C. 2010) (quoting *Cobell*, 224 F.R.D. at 272).

Here, plaintiff argues that the Court should reconsider its non-final dismissal order because (1) it made a mistake of fact in determining that he did not submit a formal grievance, or, alternatively, (2) if the Court's mistake was a mistake of law, it was an error so obvious that it would qualify for reconsideration.  Pl.'s Mem. of P. & A. in Supp. of Mot. to Recons. and/or Mot. for Leave to Am. ("Pl.'s Mem.") 5-6; Pl.'s Reply 1-2.  Neither argument is persuasive.

First, plaintiff is mistaken in characterizing the Court's determination as potentially a mistake of fact.  Plaintiff argues that the Court made a "finding of fact" on the question whether he filed a formal grievance.  Pl.'s Reply 1; *see* Pl.'s Mem. 5.  A court analyzing a motion to dismiss under Rule 12(b)(6), however, does not make independent factual findings, but instead "accept[s] the plaintiff's factual allegations as true, and construe[s] the complaint 'liberally,' 'grant[ing] plaintiff[ ] the benefit of all inferences that can be derived from the facts alleged[.]'" *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)); *see generally Roth v. Jennings*, 489 F.3d 499, 509

(2d Cir. 2007) ("In considering a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint

for failure to state a claim on which relief can be granted, the district court is normally required

to look only to the allegations on the face of the complaint. . . . [A] ruling on a motion for

dismissal pursuant to Rule 12(b)(6) is not an occasion for the court to make findings of fact.").

Here, the Court concluded that "[e]ven accepting as true all the allegations contained in the

plaintiff's First Amended Complaint, as the Court must do, it is clear on the face of the document

that the plaintiff never filed a formal grievance or otherwise invoked the required and exclusive

CMPA procedures to pursue his claims." *Lucas*, 133 F. Supp. 3d at 185.  The Court did not

therein make a finding of fact.  Rather, the Court viewed every fact alleged in the First Amended

Complaint in the light most favorable to plaintiff and, accepting all of his allegations regarding

his contacts with various agencies as true, made a *legal conclusion* that he failed to exhaust his

administrative remedies under the CMPA because he failed to allege facts that support the

inference that he "filed a formal grievance or otherwise invoked the required and exclusive

CMPA procedures to pursue his claims." *Id.* at 185-86.

In support of his alternative argument that the Court made an obvious legal error that

would entitle him to reconsideration, plaintiff merely makes a bare assertion that the Court

"overlooked" his allegations as to his formal grievance.  Pl.'s Reply 2.  To the contrary, the

Court accepted every allegation in plaintiff's First Amended Complaint as true, including his

allegations regarding his various contacts with District of Columbia agencies.  Even under this

favorable reading, the Court determined that it was "clear on the face of the document that the

plaintiff never filed a formal grievance or otherwise invoked the required and exclusive CMPA

procedures to pursue his claims." *Lucas*, 133 F. Supp. 3d at 185.

Perhaps acknowledging the defectiveness of his First Amendment Complaint, plaintiff argues that "*to the extent that the Complaint did not fully disclose* that [the District's refusal to provide Lucas his proper benefits] was by the . . . Police and Firemen's Retirement Relief Board in a letter that specifically denied jurisdiction, that fact was central to the litigation and reveals that the Court's judgment was manifestly unjust." Pl.'s Mem. at 6 (emphasis added).  However, the Court having dismissed his amended complaint, plaintiff cannot now use his motion for reconsideration to allege facts known to him at the time he filed his amended complaint. *See Murphy*, 11 F. Supp. 3d at 8 (stating that relief under Rule 54(b) may be warranted "when the movant demonstrates . . . the discovery of *new evidence not previously available*" (emphasis added)); *cf. Taitz v. Obama*, 754 F. Supp. 2d 57, 60 (D.D.C. 2010) (stating that "[p]laintiff cannot . . . use her Rule 60(b) motion to allege facts known to her at the time she filed her amended complaint" and noting that Rule 60(b)(2) permits reconsideration only for "newly discovered evidence").  In sum, plaintiff fails to demonstrate that "justice requires" the Court to reconsider its non-final dismissal order.

B.  Motion for Leave to Amend

Turning to plaintiff's alternative request for leave to file a second amended complaint, the Court initially notes that although its denial of a motion to reconsider a *final* order under Rule 60(b) would require the Court to deny any subsequent motion to amend, *cf. Ciralsky*, 355 F.3d at 673 (noting that "once a final judgment has been entered, a court cannot permit an amendment unless the plaintiff 'first satisf[ies] Rule 59(e)'s more stringent standard' for setting aside that judgment"), the denial of a motion for reconsideration of a *non-final* order under Rule 54(b) obviously would not.

Plaintiff, however, failed to include with his Motion for Leave to Amend an original of the proposed amended complaint, as required by the Rules of this Court. *See* LCvR 15.1 ("A motion for leave to file an amended pleading shall be accompanied by an original of the proposed pleading as amended."); *Rollins v. Wackenhut Services, Inc.*, 703 F.3d 122, 130 (D.C. Cir. 2012) ("District Court Local Civil Rule 15.1 requires a motion for leave to amend to include a proposed amended complaint."). Accordingly, the Court will deny plaintiff's Motion for Leave to Amend without prejudice. *See Johnson v. District of Columbia*, 49 F. Supp. 3d 115, 122 (D.D.C. 2014) ("[T]he Court will deny [plaintiff's] request for leave to amend, without prejudice, because [plaintiff] did not attach an original of her proposed amended complaint—as is required by Local Rule 15.1—making it impossible for the Court (or the District) to evaluate the merits of her request for leave to amend."). Were plaintiff to file another motion for leave to amend—in compliance with Local Rule 15.1—the Court would consider the request anew. *Id.* at 123.

### III. CONCLUSION

For the foregoing reasons, the Court will deny plaintiff's Motion to Reconsider and/or Motion for Leave to Amend [ECF No. 41]. The Court's denial of plaintiff's Motion to Reconsider will be with prejudice and its denial of plaintiff's Motion for Leave to Amend will be without prejudice. A separate Order accompanies this Memorandum Opinion.

October 5th, 2016

Thomas F. Hogan
Senior United States District Judge