UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLAN EARL LUCAS, JR.,

    Plaintiff,

v.

DISTRICT OF COLUMBIA,

    Defendant.

Civil Action No. 13-cv-00143 (TFH)

## MEMORANDUM OPINION

Pending before the Court is plaintiff Allan Earl Lucas, Jr.'s second motion to amend his complaint. [ECF No. 50]. The District of Columbia ("the District") filed an opposition. [ECF No. 52]. For the foregoing reasons, the Court will grant the motion.

## BACKGROUND

Plaintiff's lawsuit seeks to recover financial damages for lost earnings and retirement benefits stemming from the District of Columbia Metropolitan Police Department's ("MPD") alleged failure to treat his induction into the United States Marine Corps as a military furlough and to reemploy him upon his discharge from military service. He filed a complaint against the District and other defendants on February 4, 2013, [ECF No. 1], and amended his complaint for the first time on December 17, 2013 to include only the District as a defendant, [ECF No. 34].

The District filed a motion to dismiss, [ECF No. 36], and on September 30, 2015, the Court dismissed plaintiff's First Amended Complaint ("FAC") without prejudice because plaintiff did not demonstrate that he exhausted his administrative remedies as required under the Comprehensive Merit Personnel Act ("CPMA"). [ECF No. 39]. In doing so, the Court concluded

1

that based on the FAC, "plaintiff never filed a formal grievance or otherwise invoked the required and exclusive CMPA procedures to pursue his claims." *Id.* at 15. Plaintiff then moved for reconsideration or, in the alternative, for leave to file a second amended complaint. [ECF No. 41]. The Court denied both, denying the latter without prejudice because plaintiff failed to attach his proposed amended complaint to his motion for leave to amend, as required. [ECF No. 49].

Plaintiff again moves for leave to amend his complaint, this time attaching a Second Amended Complaint ("SAC"). Plaintiff contends that the Court should allow him to amend his complaint because he sufficiently alleges that he exhausted his administrative remedies.

## LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a party may amend its pleadings once as a matter of course within a prescribed time period. Fed. R. Civ. P. 15(a)(1). Beyond that, the decision whether to grant leave to amend is entrusted to the sound discretion of the trial court. Leave "should be freely given unless there is a good reason, such as futility, to the contrary." *Willoughby v. Potomac Elec. Power Co.*, 100 F.3d 999, 1003 (D.C. Cir. 1996); Fed. R. Civ. P. 15(2) ("[t]he court should freely give leave [to amend] when justice so requires."). "A district court may deny a motion to amend a complaint as futile if the proposed claim would not survive a motion to dismiss." *Hettinga v. United States*, 677 F.3d 471, 480 (D.C. Cir. 2012). The defendant has the burden of demonstrating why a court should not grant leave to amend. *Mead v. City First Bank of DC, N.A.*, 256 F.R.D. 6, 7 (D.D.C. 2009).

## THE PARTIES' CLAIMS

To support his assertion that he has exhausted his administrative remedies, plaintiff asserts that he submitted two "formal grievances"—a letter to the D.C. Office of Personnel in March 2007, SAC, ¶ 29, Ex. 1, and a letter to the District of Columbia Retirement Board in

2

2010.[1] *Id.* ¶ 31, Ex. 2. He received a response from the District of Columbia Retirement Board on April 27, 2010 indicating that it lacked the authority to determine retirement eligibility or employment rights. *Id.* ¶ 32, Ex. 3. The District of Columbia Retirement Board then forwarded his letter and its attachments to the District of Columbia Police and Firefighters Retirement and Relief Board ("PFRRB"), as well as to the District of Columbia Metropolitan Police Department ("MPD") Human Resources Office. *Id.* Plaintiff met with MPD Human Resource Specialist Wanda Montcrieff and PFRRB Assistant Attorney General Pamela Brown on August 18, 2010, where they acknowledged that he did not receive appropriate separation counsel, and agreed to investigate the grievance. *Id.* ¶ 33. Plaintiff received a 14-page legal opinion from the PFRRB dated October 9, 2012 that concluded, after conducting an "investigation of the matter," that "[t]he *doctrine of laches* bar[red] any claim in this matter because of Mr. Lucas' unreasonable delay," and the PFRRB "ha[d] no jurisdiction in this matter." *Id.* ¶ 35, Ex. 4, at 20, 32-33.

If plaintiff has not in fact exhausted his administrative remedies, he asserts that additional efforts would be "futile and useless" because the PFRRB has already taken a position on its jurisdiction and "indicated its unwillingness to reconsider the issue." *Id.* ¶ 37.

According to the District, it is plaintiff's proposed amendment that would be "futile" because he fails to allege that he exhausted his administrative remedies. Def.'s Opp. at 1. Specifically, the District alleges that CMPA grievance procedures require that plaintiff appeal the denial of his grievances to the Office of Employee Appeals ("OEA"). *Id.* at 4.

---

[1] Applying the motion to dismiss standard, the Court assumes that plaintiff's factual allegations are true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.").

3

## ANALYSIS

The CPMA, D.C. Code §§ 1-601.01 *et seq.*, is "with few exceptions . . . the exclusive remedy for a District of Columbia public employee who has a work-related complaint of any kind." *Lucas v. District of Columbia*, 133 F. Supp. 3d 176, 183 (D.D.C. 2015) (quoting *Robinson v. District of Columbia*, 748 A.2d 409, 411 (D.C. 2000)). The CMPA requires that administrative remedies be exhausted though the CMPA before a federal court entertains a lawsuit. *Lucas v. United States Gov't*, 268 F.3d 1089, 1094 (D.C. Cir. 2001); *see Lucas*, 133 F. Supp. 3d at 183 (treating the exhaustion requirement as prudential, and acknowledging that the D.C. Circuit has not resolved whether the requirement is jurisdictional or prudential for federal courts).

The CMPA covers the plaintiff, a former employee of the District of Columbia. *Lucas*, 133 F.Supp.3d at 183; D.C. Code § 1-602.01(a) (2001) ("unless specifically exempted from certain provisions, this chapter shall apply to all employees of the District of Columbia government, except the Chief Judges and Associate Judges of the Superior Court of the District of Columbia and the District of Columbia Court of Appeals and the nonjudicial personnel of said Courts."). It also covers his causes of action—breach of contract, negligence, entitlement to back pay and attorney's fees pursuant to the Back Pay Act, and lost wages and benefits pursuant to the Veterans Reemployment Rights Act. *See Lucas*, 133 F. Supp. 3d at 184 (classifying the aforementioned causes of action as "work-related grievances that generally would fall within the gamut of the CMPA"); D.C. Code §1-603.01(10) (defining a "grievance" as "any matter under the control of the District government which impairs or adversely affects the interest, concern, or welfare of employees, but does not include adverse actions resulting in removals, suspension of 10 days or more, or reductions in grade, reductions in force or classification matters.").

The question before the Court is whether plaintiff sufficiently alleged that he has exhausted his administrative remedies under the CMPA in order to amend his complaint. The District, relying solely on *White v. District of Columbia,* claims that plaintiff has not done so because he has not alleged that he appealed the denials of his grievances to the OEA, an agency that adjudicates appeals pursuant to the CPMA. Def.'s Opp. at 4; 852 A.2d 922 (D.C. 2004)). However, the CPMA requires employees to appeal final agency decisions to the OEA under specific circumstances, none of which appear to apply to plaintiff's grievances. *See* D.C. Code § 1-606.03(a) ("[a]n employee may appeal a final agency decision affecting a performance rating which results in the removal of the employee," "an adverse action for cause that results in removal, reduction in force, . . . reduction in grade, placement on enforced leave, or suspension for 10 days or more . . . ."). In *White*, the D.C. Court of Appeals even mentioned that amendments to the CPMA in 1998 eliminated the provision providing for appeals of grievances to the OEA. *See White*, 852 A.2d at 924, n.5; *Lattisaw v. District of Columbia*, 905 A.2d 790, 794, n.8 (D.C. 2006) ("D.C. Code §1-603.03(a), part of the CMPA, formerly permitted an employee to appeal to the OEA from, among other things, 'a final agency decision . . . resolving a grievance.' The statue was amended in 1998, however, to eliminate this provision . . . The CMPA now limits appeals to the OEA in three types of cases, none of which involves grievances.").

The District cites no other authority to support its assertion that plaintiff must appeal his grievances to the OEA in order to exhaust his remedies. Nor does it provide any other basis for the Court to conclude that plaintiff has not sufficiently alleged exhaustion under the CMPA. The District asserts that plaintiff's receipt on October 2012 of a letter from the PFRRB is "nothing

5

new" because plaintiff acknowledged the letter in a previous filing. Def.'s Opp. at 4.[2] But plaintiff's previous, cursory mention of the PFRRB memorandum is markedly vague compared to his SAC, which alleges, with supporting documentation, that PFRRB investigated his grievance and issued a legal conclusion on the matter. And, in contrast to earlier filings, the District no longer contends that plaintiff's letters, which he now attaches to his complaint, do not qualify as formal grievances.

Given the briefing currently before the Court, the District has not met its burden to demonstrate that permitting plaintiff to amend his complaint would be futile. In light of the District's failure to meet its burden, and the Court's obligation to freely grant motions to amend, plaintiff's motion to amend is hereby GRANTED.

February 2018

Thomas F. Hogan
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The District refers to the following sentence of plaintiff's supplemental brief, filed on January 06, 2014: "[i]t took the []PFRRB over two years to issue its memorandum denying his claim, despite repeated attempts by Lucas to contact PFRRB to determine [the] status of the 'investigation.'" [ECF No. 35, at 10].